_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:04 CR 798 |
| Plaintiff, | | |
| | : | ORDER ADMITTING CO- |
| vs. | | CONSPIRATOR STATEMENTS |
| | : | |
| PEDRO ARGENTA-PINTO, OSMAR | | JUDGE TED STEWART |
| CRUZ-VELASCO, MIGUEL BENABE- | : | |
| MARTINEZ and ALFONSO SALAZAR- | | |
| MENDOZA, | : | |
| Defendants. | | |

_____

On August 30, 2006, the Court held a *James* Hearing pursuant to a motion filed by the attorney for co-defendant Argenta-Pinto, Mr. Bel-Ami de Montreux, which was joined by the other co-defendants.[1]

In advance of the hearing, the United States filed a detailed memorandum which, the government claimed, established the predicate requirements for the admissibility of co-conspirator statements in this case.[2]   In lieu of testimony, the United States proffered its earlier-filed brief.  FBI Agent Jeff Cannon was, however, present and subject to cross-examination by the co-defendants.

_____

[1]*See generally United States v. James*, 590 F.2d 575 (5th Cir 1979) (stating that when considering the admissibility of coconspirator statements under Fed. R. Evid. 801(d)(2)(E), the trial court should conduct a pre-trial hearing outside the presence of the jury) .

[2]Docket Entry # 192.

Based on the evidence of record provided for the *James* Hearing, the Court finds and concludes that the United States has demonstrated by a preponderance of the evidence that (1) there was a conspiracy between Juan Guillen (a co-defendant who has pleaded guilty to hostage taking and is cooperating with the government in this case) and co-defendants Pedro Argenta-Pinto, Osmar Cruz-Velasco, Miguel Benabe-Martinez, Alfonso Salazar-Mendoza, Antonio Escobedo-Lopez (a co-defendant who has pleaded guilty and has been sentenced) and other unindicted co-conspirators to, among other things, take individuals hostage and hold them captive until a ransom was paid for their release; (2) the declarants and the defendants were members of the conspiracy; and (3) the statements described by the government in its brief were made during and in furtherance of the conspiracy.

These findings and conclusions are based on (1) the co-conspirator statements themselves, (2) the conduct and observations of Guillen including anticipated testimony as to what each co-defendant did to accomplish the illegal goal, (3) the anticipated testimony of the victim-witnesses and other witnesses describing the conduct of the co-defendants as detailed by the government in its brief, (4) the Western Union business records corroborating the claims of Guillen and other witnesses, (5) physical evidence obtained at or near the location of the arrest of the co-defendants detailed in the government's brief, and (6) the post-Miranda admissions of the co-defendants.

Based upon the foregoing, it is therefore

ORDERED that the statements described by the government in its brief are

admissible as non-hearsay co-conspirator statements.[3]

Dated this 25th day of September, 2006.

BY THE COURT:

HONORABLE TED STEWART
United States District Court Judge

---

[3]*United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994); *see also United States v. Faulkner*, 439 F.3d 1221, 1226 n.1 (10th Cir. 2006) ("[t]he Federal Rules of Evidence do not treat declarations by coconspirators as an exception to the hearsay rule but non-hearsay").